## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**JANET and NICHOLAS CRESTA,**
                    **Plaintiffs,**

                                        **C.A. NO. 04-10929-RGS**

**v.**

**BLACK & DECKER (U.S.), INC.,**
                    **Defendant.**

### DEFENDANT'S AUTOMATIC DISCLOSURE STATEMENT
### PURSUANT TO FED. R. CIV. P. 26(a)(1) AND LR 26.2(A)

A.    PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION

In addition to the persons listed by the Plaintiff, the Defendant states that the followings persons are likely to have discoverable information supporting the defense.

| | |
|---|---|
| Richard A. Schafebook | Senior Safety Assurance Manager – Black & Decker (U.S.) Inc. Towson, MD.  Mr. Schafebook is knowledgeable concerning the design, manufacture and operation of Black & Decker toaster ovens. |
| Patrick J. McGinley Patrick J. McGinley Associates, Inc. Lafayette, PA 19444 | Independent Cause and Origin Expert – Patrick J. McGinley Associates, Inc. P.O. Box 358 Lafayette Hill, PA 19444.  Mr. McGinley investigated the fire scene and possible cause and origin of the fire.  He is an expert witness retained by the Defendant. |
| Edward F. Bennett and Andrew W. McCormack Samuel F. McCormack Co, Inc. 222 Forbes Road, Suite 304 Braintree, MA 02184 | Independent property damage loss appraisers - Samuel F. McCormack Co., Inc. 222 Forbes Road Braintree, MA 02184 Mssrs. Bennett and McCormack assessed the extent of property damage sustained by the house and its contents and may offer opinion as to the adjustment and appropriateness of the damage claim. |
| Lawrence P. Sacco, P.E. | Mr. Sacco is an electrical engineer who |

| | |
|---|---|
| Affiliated Engineering Laboratories<br>1101 Amboy Avenue<br>Edison, NJ 08837-2856 | inspected the subject toaster oven. He is an expert witness retained by the Defendant who **inspected the evidence being stored at EFI, N. Dartmouth, MA. That evidence was found to have been identified by EFI** as 14 separate items collected by Dick Ciesla. Mr. Sacco performed a non-destructive inspection of those items including debris, outlets, plug blades, kitchen appliances, electrical wires and the toaster oven and associated components. |
| Chief David Parr, Captain John Brown, Firefighter Whittemore and other Members of the Wakefield Fire Dept. to be determined. | The particular knowledge of these individuals is presently unknown. |
| Roberta Bates – address unknown | The particular knowledge of this individual who it is believed accompanied Mrs. Cresta into the house prior to the discovery of the fire is presently unknown. |

The Defendant reserves the right to supplement this list in accordance with Fed. R. Civ. P. 26(e).

B.   DESCRIPTION AND LOCATION OF DOCUMENTS

In addition to those documents listed in the plaintiffs' initial disclosures the following materials may be relevant to the issues presented by the Complaint:

1.   Use and Care Manual for the subject toaster oven once model number has been determined by destructive inspection.

2.   Design drawings for subject toaster oven once model number has been determined by destructive inspection.

1

3.    Fire scene photographs by Pat McGinley – see objection below.

4.    Fire scene photographs by Samuel F. McCormack, Inc. – see objection below.

5.    Fire scene photographs by Crawford & Co. – see objection below.

6.    Product debris photographs by Larry Sacco – see objection below.

7.    Transcription of statement of Virginia A. Cresta dated June 27, 2003.

The Defendant reserves the right to supplement this list in accordance with Fed. R. Civ. P. 26(e).

Photographs and videotape of the fire scene and debris were taken at the time of mutual inspection in April 2003 by Craig Billings, Patrick McGinley, Edward F. Bennett and Andrew W. McCormack and photographs of the produce debris were taken at a later date by Larry Sacco. Those materials were prepared by several consulting experts and independent investigators retained by the Defendant. The Plaintiff had unfettered access to the fire scene and debris prior and subsequent to the inspection conducted by Defendant's representatives. Therefore, these materials are not discoverable.

The Defendant has design materials, including In Process Quality Plan and Final Product Audit Plan and a UL Report for the subject toaster oven (although as noted above without identification of the model number by destructive testing the Defendant can not identify the appropriate materials to produce). The Defendant objects to producing these materials, which contain proprietary information, in the absence of a suitably worded Confidentiality Agreement or Protective Order that prevents the disclosure of these materials to anyone other than the Plaintiffs, their insurer on whose behalf this subrogation action has been brought and attorneys, claims professionals and consultants hired by or on behalf of the Plaintiff in this action. The Defendant would seek a Confidentiality Agreement or Protective Order that prevents the Plaintiffs' insurer's employees, counsel and consultants from sharing these materials, or information about these materials with persons involved in other claims, including those who are employed by the same insurer or consultants. The Plaintiffs' attorney has indicated he would object to such a limitation on disclosure.

C.    DAMAGES

The Defendant does not allege a counterclaim in this action.

D.    INSURANCE AGREEMENT

Black & Decker (U. S.) Inc. is insured by Shenandoah Insurance, Inc. under policy number CGL 500300, with effective dates that include the date of this loss. The coverage is $3,000,000 with a deductible of $3,000,000.

2

The Defendant,
By its Attorneys,


Scott J Tucker - BBO#503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, Massachusetts 02108
(617) 557-9696

I hereby certify that I made service
of the foregoing document in accordance
with the provisions of Fed. R. Civ. P. 5.

10-19-04