FILED
OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.NO.04-10929-RGS

JANET AND NICHOLAS CRESTA,
            Plaintiffs,

v.

BLACK & DECKER (U.S.), INC.
            Defendant.

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO COMPEL RETURN OF PRIVILEGED MATERIAL AND INCORPORATED MEMORANDUM

**NOW COME** the plaintiffs and oppose defendant Black & Decker (U.S.), Inc.'s motion for protective order and to compel return of privileged material.  In support thereof, plaintiffs state as follows.

### FACTUAL BACKGROUND

On April 27, 2005, counsel for the plaintiffs picked up documents produced by the defendant in response to the plaintiffs' request for the production of documents at the office of the defendant's attorney, Scott J. Tucker, Esquire. *See Affidavit of Liam J. McCarthy* at 4, which is attached as Exhibit 1.  Included with those documents was the cover letter enclosing them to Mr. Tucker from the defendant's national counsel, Miles & Stockbridge P.C.  *Id.* at 5.

During review of the document production on April 27, 2005, counsel for the plaintiffs discovered a document, Bates numbered

00296, that stated the amount of the settlement in the Hanover Insurance v. Black & Decker (U.S.), Inc., matter. *Id.* at 6. By e-mail that day, a copy of which is attached to the *Affidavit of Liam J. McCarthy* as Exhibit A, counsel for the plaintiffs inquired of Mr. Tucker whether the document was produced inadvertently. *Id.* at 7. Mr. Tucker responded by e-mail that the production was "probably a [combination] of a message for [plaintiffs' counsel] and the fact [the defendant is] the most forthcoming defendant you will ever sue." *Id.* at 8.

On April 28, 2005, plaintiffs' counsel sent a copy of the documents produced by the defendant to Michael J. Rains, the plaintiffs' expert electrical engineer. *Id.* at 9. Mr. Rains reviewed the documents prior to May 4, 2005, in preparation for a discussion with plaintiffs' counsel regarding the defendant's Mass. R. Civ. P. 30(b)(6) deposition on May 5, 2005. *Id.* at 10.

While the parties' attorneys were in Maryland for the Rule 30(b)(6) deposition of the defendant, on May 4, 2005, Mr. Tucker informed plaintiffs' counsel by voicemail message that the defendant had discovered that the documents produced to the plaintiffs included a number of allegedly privileged documents. *Id.* at 11. Plaintiffs' counsel attempted to reach Mr. Tucker by telephone on May 4, 2005, but was unable to do so. *Id.* at 12. When counsel for the parties met for the Rule 30(b)(6) deposition, counsel for the plaintiffs informed Mr. Tucker that

he believed that the defendant was not entitled to the return of the produced documents, but that the plaintiffs would not further review the documents and would seal them pending a determination by this court whether the defendant had waived the asserted privileges. *Id.* at 14. The parties then proceeded with the Rule 30(b)(6) deposition after agreeing that any answers given by the deponent would not be deemed a "further" waiver of the privileges asserted and that plaintiffs' counsel would suspend the deposition pending the determination of the waiver by this court. *Id.* at 15.

Upon returning to Massachusetts, counsel for the plaintiffs removed the allegedly privileged documents identified in Mr. Tucker's letter of May 5, 2005, from the production and placed them in a sealed envelope without further reviewing them. *Id.* at 16. Plaintiffs' counsel also instructed Mr. Rains to remove the identified documents form his production and seal them in an envelope. *Id.* at 16.

## STANDARD OF REVIEW: THE MIDDLE TEST

The test used by this court in determining whether the allegedly inadvertent production of otherwise privileged documents acts as a waiver of those privileges was set forth by Chief Judge Young in *Amgen, Inc., v. Hoechst Marion Russell, Inc., et al.* 190 F.R.D. 287 (D. Mass. 2000). The so-called "middle test" requires that the defendant prove by a fair

preponderance of the evidence that the asserted privileges apply and that they have not been waived. *Amgen* at 289. The "middle test" requires that the court consider whether: (1) the defendant took reasonable measures to prevent an inadvertent disclosure; (2) the time it took the defendant to discover the inadvertent production; (3) the scope of the production; (4) the extent of the disclosure of allegedly privileged documents; and (5) the interests of fairness and justice. *Id.* at 291.

## BLACK & DECKER'S PRODUCTION

In this instance, the defendant failed to take reasonable measures to guard against an inadvertent production; a full week passed between the time plaintiffs' counsel informed the defendant that at least one allegedly privileged document had been produced and the time defendant requested that the documents be returned, including, according to the defendant's own motion, five days before the defendant discovered the production of allegedly privileged documents; the production consisted of 594 documents, of which 136 are alleged to be privileged documents produced inadvertently; and the interests of fairness and justice require that the documents, which have been reviewed by both plaintiffs' counsel and their expert witness, require that the defendant's motion be denied.

The defendant alleges that its national counsel copied all responsive documents in its possession; had those documents

4

reviewed and segregated into three categories, production, redaction, and privileged, by two attorneys; returned all three categories of documents to a single Redweld file; and then delegated responsibility for oversight of the copying of those documents to a senior paralegal.

As occurred in *Amgen,* where this court found that the defendant waived the privilege asserted, the defendant completely fails in this case to allege any post-photocopying review by a partner, an associate, or a senior paralegal. A simple review of the invoice from the photocopying company would have revealed that all the documents, not just those designated for production by the defendant, were copied and forwarded to Mr. Tucker. Further, the defendant alleges no review at all by Mr. Tucker's office.

Additionally, though no request for their return has been made by the defendant, the documents produced to the plaintiffs include both the redacted and unredacted versions of the documents allegedly to be partially subject to the privilege. *See Affidavit of Liam J. McCarthy* at 4. The inclusion of those documents increased by 48 the number of documents photocopied and produced. Further, as alleged by the defendant, photocopies of the three file folders were also included. A simple review of the invoice from the photocopying company would have revealed that the photocopying vendor made 51 more copies than documents

were Bates numbered by Miles & Stockbridge before the privilege review.

On April 27, 2005, counsel for the plaintiffs advised the defendant's attorney that he discovered in the production what he believed was a privileged document.  Despite this warning, it took the defendant five full days to discover the production of the documents, and then only after the defendant's national counsel reviewed the Rule 30(b)(6) notice.  The defendant cannot be said to have safeguarded its privileged material when so much time had passed; when it had received one clear inquiry about the nature of the documents before it "discovered" the production on its own; and when both counsel for the plaintiffs and the plaintiffs' expert witness had the opportunity to review the documents.

The scope of the production here was comparatively miniscule.  In *Amgen,* the defendant produced more than 70,000 documents, of which 3821 were alleged to have been privileged. Here, the defendant produced 594 documents, of which nearly a quarter, 136, are alleged to be privileged.

Finally, the interests of fairness and justice require that this court find that the defendant waived the asserted privileges.  It is unfathomable that the defendant can claim that its production of allegedly privileged documents constituting nearly one quarter of its total production of just

594 documents is the result of anything less than the gross negligence that Chief Judge Young found in *Amgen*.

## CONCLUSION

Accordingly, as in *Amgen*, the court should find that in the circumstances, the defendant failed to adequately safeguard its allegedly privileged documents and that by its actions, the defendant has waived its attorney-client; work-product; and "confidential settlement negotiations" privileges.

**WHEREFORE,** the plaintiffs request that this Honorable Court deny the defendant's motion for a protective order and to compel the return of the documents.

PLAINTIFFS,
By Their Attorney,

Liam J. McCarthy
SCANNELL & CROWLEY, LLP
Five High Street
Medford, MA  02155
(339) 674-9777
BBO#: 646535

## CERTIFICATE OF SERVICE

I, Liam J. McCarthy, SCANNELL & CROWLEY, LLP, Five High Street, Medford, MA, 02155, hereby certify that on this 31st day of May, 2005, I served a copy of the **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO COMPEL RETURN OF PRIVILEGED MATERIAL AND INCORPORATED MEMORANDUM**, herein attached, upon the following in accordance with Fed.R.Civ.P. 5:

> Scott Tucker, Esq.
> Tucker, Heifetz & Saltzman, LLP
> Three School Street
> Boston, MA  02108

Liam J. McCarthy
SCANNELL & CROWLEY, LLP
Five High Street
Medford, MA  02155
(339) 674-9777
BBO#: 646535