UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.NO.04-10929-RGS

**JANET AND NICHOLAS CRESTA,**
       **Plaintiffs,**

v.

**BLACK & DECKER (U.S.), INC.**
       **Defendant.**

**AFFIDAVIT OF LIAM J. McCARTHY**

1. I, Liam J. McCarthy, am a member in good standing of the bars of the Commonwealth of Massachusetts, and of the States of Maine and New Hampshire.

2. I am associated with the law firm Scannell & Crowley, LLP.

3. I am counsel of record for the plaintiffs in the instant action.

4. On April 27, 2005, I picked up documents produced by the defendant at the offices of Tucker, Heifetz & Saltzman, LLP; those documents included both redacted and unredacted versions of the allegedly partially privileged documents.

5. The first page of that production was a letter from Miles & Stockbridge, P.C., to defendant's counsel, Scott J. Tucker, Esq., enclosing the documents.

6. During my review of the documents produced by the defendant on April 27, 2005, I discovered a document, Bates numbered 00296, that stated the settlement amount of the case of Hanover Insurance Company v. Black & Decker (U.S.), Inc, which I believed was produced in error.

7. On April 27, 2005, I sent an e-mail, a copy of which is attached as Exhibit A, to Mr. Tucker asking whether document 00296 was produced inadvertently.

8. Mr. Tucker responded by e-mail, a copy of which is attached as Exhibit B, that the production was "probably a [combination] of a message for [plaintiffs' counsel] and the fact [the defendant is] the most forthcoming defendant you will ever sue."

9. On April 28, 2005, I had all of the produced documents copied and forwarded to Michael J. Rains, the plaintiffs' expert electrical engineer for his review.

10. Mr. Rains reviewed those documents in preparing to consult with me on May 4, 2005, prior to the defendant's Fed. R. Civ. P. 30(b)(6) deposition.

11. On May 4, 2005, Mr. Tucker informed me by a voicemail message that the defendant had inadvertently produced a number of documents that it claimed to be privileged.

12. I tried to reach Mr. Tucker on May 4, 2005, to discuss the matter further, but was unable to do so.

13. When we met for the Rule 30(b)(6) deposition of the defendant on May 5, 2005, Mr. Tucker advised me of exactly which documents the defendant claimed were privileged.

14. I advised Mr. Tucker that based on the research I had conducted, the defendant was not entitled to the return of the documents absent a court order, but that I would seal the documents without further review of them.

15. We proceeded to conduct the Rule 30(b)(6) deposition of the defendant subject to an agreement that any questions the deponent answered would not constitute a "further" waiver of the asserted privileges and subject to my suspending the deposition pending the resolution of the waiver dispute.

16. Upon returning to Massachusetts, I segregated the documents sought to be returned by the defendant from the remainder of the production and sealed them in an envelope; I instructed Mr. Rains to do the same.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31st DAY OF MAY, A.D. 2005, AT MEDFORD, MASSACHUSETTS.**

_____
Liam J. McCarthy

**EXHIBIT A**

# Liam McCarthy

**From:** Liam McCarthy
**Sent:** Wednesday, April 27, 2005 11:48 PM
**To:** Scott J. Tucker (E-mail)
**Subject:** MMFIC a/s/o Cresta v. Black & Decker

Scott:

It occurs to me while reviewing the documents produced by B&D that I have never sent you the 30(b)(6) notice. Sometime before morning, I will endeavor to email one to you with a hard copy to follow by fax tomorrow. I hope that we will be able to resolve whatever scope differences arise over that notice before the middle of next week. I leave for Baltimore on Wednesday morning.

Additionally, please advise whether Bates numbered page CRESTA00296 was produced inadvertantly or if it's a message B&D wanted me to discover.

Liam

---

Liam J. McCarthy
Scannell & Crowley, LLP
Five High Street, Suite 201
Medford, MA  02155
Telephone: (339) 674-9777
Facsimile: (339) 674-9790

6/1/2005

**EXHIBIT B**

# Liam McCarthy

**From:** Scott J. Tucker [stucker@ths-law.com]
**Sent:** Thursday, April 28, 2005 12:05 AM
**To:** Liam McCarthy
**Subject:** ***SPAM***RE: RE: MMFIC a/s/o Cresta v. Black & Decker

so they settled that claim for cheap money? probably a combo of a message for you and the fact they are just the most forthcoming defendant you will ever sue

>	-----Original Message-----
>	From: Liam McCarthy [mailto:lmccarthy@scannellcrowley.com]
>	Sent: Wed 4/27/2005 11:53 PM
>	To: Scott J. Tucker
>	Cc:
>	Subject: RE: RE: MMFIC a/s/o Cresta v. Black & Decker
>
>
>	If I ever get to go home before I leave for the airport next week, I'll be happy.
>
>	00296 is a copy of the $10K check to the Hanover.
>
>	-----Original Message-----
>	From: Scott J. Tucker [mailto:stucker@ths-law.com]
>	Sent: Wednesday, April 27, 2005 11:49 PM
>	To: Liam McCarthy
>	Subject: RE: MMFIC a/s/o Cresta v. Black & Decker
>
>
>	OK I am impressed that you are on line and working at this hour - now tell me what CREST A00296 is since I am at home.  And thanks for the forthcoming 30 b 6 notice
>
>		-----Original Message-----
>		From: Liam McCarthy [mailto:lmccarthy@scannellcrowley.com]
>		Sent: Wed 4/27/2005 11:47 PM
>		To: Scott J. Tucker
>		Cc:
>		Subject: MMFIC a/s/o Cresta v. Black & Decker
>
>
>		Scott:
>
>		It occurs to me while reviewing the documents produced by B&D that I have never sent you the 30(b)(6) notice.  Sometime before morning, I will endeavor to email one to you with a hard copy to follow by fax tomorrow.  I hope that we will be able to resolve whatever scope differences arise over that notice before the middle of next week.  I leave for Baltimore on Wednesday morning.
>
>		Additionally, please advise whether Bates numbered page CRESTA00296 was produced inadvertantly or if it's a message B&D wanted me to discover.
>
>		Liam
>
>
>		_____
>		Liam J. McCarthy
>		Scannell & Crowley, LLP
>		Five High Street, Suite 201
>		Medford, MA  02155
>		Telephone: (339) 674-9777
>		Facsimile: (339) 674-9790

1