UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MERRIMACK MUTUAL FIRE INS. CO.,
as Subrogee of NICHOLAS CRESTA,
          Plaintiff,

                                  C.A. NO. 04-10929-RGS

v.

BLACK & DECKER (U.S.), INC.,
          Defendant.

## BLACK & DECKER (U.S.) INC.'S
## MOTION FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56

The Defendant, Black & Decker (U.S.), Inc., (hereinafter "B&D") moves, pursuant to Fed. R. Civ. P. 56, that this Honorable Court enter Summary Judgment for Black & Decker (U.S.) Inc. on all claims asserted by Merrimack Mutual Insurance Company (hereinafter "Merrimack Mutual").

As more specifically set forth in the supporting Memorandum of Law, the plaintiff's claim against B&D is that the fire at its insured's house was caused by a "defective" toaster oven. Under Massachusetts law, the plaintiff is required to introduce competent expert testimony to establish the product was defective and caused the fire. *Hochen v. Bobst Group, Inc.*, 290 F. 3rd 46 (1st Cir. 2002)(applying Massachusetts law); *Goffredo v. Mercedes-Benz Truck Co.*, 402 Mass. 97 (1988).

The plaintiff has attempted to satisfy its burden of proof by proffering the testimony of two expert witnesses – Richard Ciesla - a fire "cause and origin" expert and Michael Rains - an electrical engineer. B&D's Motion is based on its proof that there is no genuine issue of material fact and that the plaintiff's experts' testimony is insufficient as a matter of law to satisfy the plaintiff's burden of proof because they are based on speculation and there is an inadequate factual foundation for the opinions. Therefore, the Motion for Summary Judgment should be allowed.

## UNDISPUTED FACTS

This case arises out of a fire that occurred in March 2003 at the home of Nicholas Cresta. Mr. Cresta lived on the basement level of the house and his daughter-in-law, Victoria Cresta and her two children lived on the first floor. The fire occurred in the kitchen on the first floor. Merrimack Mutual was the homeowners' insurance carrier for Mr. Cresta. Merrimack Mutual retained expert witnesses and counsel and brought this action. Suit initially was filed in the name of Janet and Nicholas. The Complaint was amended to name the present plaintiff. Merrimack Mutual claims that the fire was caused by a toaster oven manufactured by Black & Decker. The fire was discovered by Victoria Cresta approximately 1½ hours after she left the house, after being in front of the toaster oven shortly before she departed. The only person known to be in the house during the interim period was her father-in-law, Nicholas Cresta, who is

completely blind. Nicholas Cresta was found by Victoria Cresta in his bed in the basement when she returned immediately before discovering the fire. There is no evidence that Mr. Cresta left his room or that anyone else came into the house for any purpose, much less that such a person used the toaster oven.

Merrimack Mutual has identified Richard Ciesla and Michael Rains as expert witnesses. Both have been deposed.

Based on his inspection of the fire scene, Ciesla has offered the opinion that the toaster oven was "in the area of origin" and relying on Rains' opinion, concludes that the toaster oven was the cause of the fire. Ciesla is under the misimpression that it is Rains' opinion that the toaster oven "turned on by itself", before heating up and causing combustible materials left on top of the toaster oven to ignite. Ciesla admittedly does not have the expertise to opine concerning any defect in the toaster oven or how or why the toaster oven came on by itself as that is outside the scope of his purported expertise.

Rains has offered the opinion that the solenoid in the toaster oven, which operates to shut off the toaster oven by retracting the pin that extends to hold the toast lever in the "down/on" position, failed for an unknown reason at an unknown time prior to the date of the fire. Further he opines the toaster oven was turned on the day of the fire by "someone one or something unknown" and

3

that the solenoid failure caused the pin to remain extended and the toast lever to remain down and the toaster oven to remain on. As a result, Rains opines the toaster oven caused the ignition of combustible materials left on top of the toaster oven.

Rains has admitted in deposition testimony that: 1) it is not his opinion that the toaster oven turned on itself; 2) if the toaster oven wasn't somehow turned on he "can't explain why it set a fire"; and 3) his opinion how somebody or something turned on the toaster oven "is speculation."

## ARGUMENT

As further explained in the attached Memorandum of Law, Summary Judgment should enter for B&D, because Merrimack Mutual cannot produce expert testimony based on the uncontested facts of the case that the toaster oven was defective or that it caused the fire. Where the nature of an alleged defect or breach of warranty and its casual relationship to an accident are complex, expert testimony is required. *Hochen v. Bobst Group, Inc.*, 290 F.3rd 46 (1st Cir. 2002)(applying Massachusetts law); *Goffredo v. Mercedes-Benz Truck Co.*, 402 Mass. 97 (1988). In the instant matter, the nature of the alleged defect or breach of warranty with respect to the toaster oven's operation and its causal relationship to the fire is sufficiently complex and, accordingly, the subject of expert testimony. See *Hochen, supra,*; *Enrich v. Windmere Corp.*, 416 Mass. 83, 87

(1993). Consequently, absent competent expert testimony, the plaintiff cannot prove the facts required to establish B&Ds liability. *Enrich v. Windmere Corp.*, 416 Mass. 83 (1988)

Rains has admitted that his theory of how the toaster oven caused the fire is dependent upon the solenoid failing on a prior occasion and someone turning the toaster oven on after Victoria Cresta left the kitchen and house that morning.

Mrs. Cresta has testified that she never had any problems with the toaster oven working properly before the accident, including it failing to shut off – which is the function of the solenoid. Rains has testified that if Mrs. Cresta testified that she had never had a problem with the toaster oven shutting off that "would be inconsistent with [his] scenario of how [the] toaster oven failed."

Rains also has testified that his defect theory and fire scenario is dependent on someone or something turning the toaster oven on the morning of the accident after Mrs. Cresta left the house. "If the toaster oven wasn't somehow turned on [Rains} can't explain why it set a fire." Further, the plaintiff admits that there is no evidence that there was a person in the house who turned the toaster oven on that morning. Finally, Rains specifically acknowledges that any opinion he has regarding how somebody or something turned the toaster oven on the morning of the fire "is speculation."

5

## CONCLUSION

The Defendant is entitled to Summary Judgment if, as a matter of law, there is no genuine issue of material fact and under those undisputed facts the plaintiff cannot establish a prima facie case.

As established by the Concise Statement of Facts, the opinions offered by the plaintiff's two liability experts to satisfy its burden of proof are:

1) in the case of Rains, inconsistent with the plaintiff's insured's uncontroverted testimony that she had never experienced problems with the toaster oven and are based on "speculation" as to the identity of someone or something that activated the toaster oven; and

2) in the case of Ciesla dependent on an inaccurate understanding of the other expert's opinion.

The plaintiff has failed to disclose necessary expert opinions that are admissible or sufficient to satisfy its burden of proof and therefore the defendant is entitled to Summary Judgment.

In further support of this Motion, B&D relies upon and incorporates herein the Concise Statement of Facts, Exhibits and Memorandum of Law that have been filed herewith.

WHEREFORE, the Defendant's Motion for Summary Judgment should be allowed.

## REQUEST FOR ORAL ARGUMENT

The Defendant requests a hearing for oral argument on this Motion.

Black & Decker (U.S.) Inc.,
By Its Attorneys,

Scott J. Tucker, BBO#503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696

## CERTIFICATE OF CONFERENCE

Pursuant to Local R. 7.1(A)(2), counsel have conferred and have attempted in good faith to resolve or narrow the issue raised in this motion.

## CERTIFICATE OF SERVICE

I, Scott J. Tucker hereby certify that on September 27, 2005, I have served a copy of the within Concise Statement of Facts, Motion, Memorandum, and exhibits by first class mail, postage prepaid, upon the following counsel of record:

> Liam J. McCarthy, Esquire
> Scannell & Crowley, LLP
> Five High Street
> Medford, MA 02108

_____
Scott J. Tucker