UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MERRIMACK MUTUAL FIRE INS. CO.,
as Subrogee of NICHOLAS CRESTA,
                Plaintiff,

                                      C.A. NO. 04-10929-RGS
v.

BLACK & DECKER (U.S.), INC.,
                Defendant.

## BLACK & DECKER (U.S.) INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The Defendant, Black & Decker (U.S.) Inc., (hereinafter "B&D") has moved for Summary Judgment pursuant to Fed. R. Civ. P. 56 on the grounds that there is no genuine issue of material fact and that based on the deposition testimony of the plaintiff's experts, it is undisputed that the plaintiff has not offered competent, admissible expert testimony that the B&D toaster oven was defective and caused the fire at the home of Merrimack Mutual Insurance Company's insured.

The plaintiff's claim against B&D is that the fire at its insured's house was cause by a "defective" toaster oven. Under Massachusetts law, the plaintiff is required to introduce competent expert testimony to establish the product was defective and caused the fire. *Hochen v. Bobst Group, Inc.*, 290 F.3rd 46 (1st Cir. 2002)(applying Massachusetts law); *Goffredo v. Mercedes-Benz Truck Co.*, 402 Mass.

97 (1988). Expert testimony on the issue of causation may be required when the product in question consists of "a number of relatively complex working parts." *Makuc v. American Honda Motor Co., Inc.*, 835 F.2d 389, 392 (1st Cir.1987). Specifically, where inferences of causation would be outside a factfinder's realm of common knowledge, *id.* (citing *Calvanese v. W.W. Babcock Co., Inc.*, 10 Mass. App. Ct. 726, 734 n. 9, 412 N.E.2d 895 (1980)), expert testimony is necessary to assist the factfinder to understand the evidence and determine the facts in issue.

The plaintiff has attempted to satisfy its burden of proof by proffering the testimony of two expert witnesses, a "cause and origin" expert and an electrical engineer. B&D's Motion is based on the fact that there is no genuine issue of material fact and that the plaintiff's experts' testimony is insufficient as a matter of law to satisfy the plaintiff's burden of proof. Therefore, the Motion for Summary Judgment should be allowed.

## UNDISPUTED FACTS

This case arises out of a fire that occurred in March 2003 at the home of Nicholas Cresta (Exhibit B - Complaint). Mr. Cresta lived on the basement level of the house and his daughter-in-law, Victoria Cresta and her two children lived on the first floor (Exhibit A – Deposition of V. Cresta - pages 14-15 and 41-42). The fire occurred in the kitchen on the first floor. (Exhibit A – pages 59-60)

when she left the house at 8:30 a.m. (Exhibit A - page 19). Mr. Cresta never came upstairs and used the toaster oven to her knowledge. (Exhibit A - page 67)

Mrs. Cresta never experienced any problems with the toaster oven, including any problem with it failing to shut off. (Exhibit A- pages 40-41)

Merrimack Mutual has identified two expert witnesses, a cause and origin expert, Richard Ciesla and an electrical engineer, Michael Rains. (Exhibits C and D - Depositions of Richard Ciesla and Michael Rains)

Ciesla is a cause and origin expert who was retained by Merrimack Mutual to inspect the fire scene and determine the area of the origin of the fire. (Exhibit C - page 18) Ciesla has testified that, relying on Rains, it is his opinion the toaster oven "turned on by itself" (Exhibit C - pages 99 and 103), because of a "defective solenoid" (Exhibit C - pages 100-101) and caused combustible materials left on top of the toaster oven to ignite. (Exhibit C - pages 85-86) Ciesla admittedly does not have the expertise to opine whether, how or why the toaster oven came on by itself (Exhibit C - page 133). (Ciesla also offers testimony that the toaster oven was in the area of origin of the fire.)

4

Rains' opinion is that the "at some point in time [prior to the date of the fire], the solenoid failed such that when the toast lever was put in a down [on] position the next time [the date of the fire], it stayed in the down position without releasing." (Exhibit D – page 73) Rains acknowledges that if Mrs. Cresta's has testified (as she did) that she never had a problem with the toaster oven shutting off and that it always shut off as intended, such testimony by her "would be inconsistent with [his] scenario of how [the] toaster oven failed." (Exhibit D – pages 75-76)

## ARGUMENT

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir.2004). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the non-movant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995))

253 (Bankr. D. R. I. 1984) "Thus, '[a]n expert should not be permitted to give an opinion that is based on conjecture or speculation from an insufficient evidentiary foundation.'" *Van Brode Group, Inc. v. Bowditch & Dewey*, 36 Mass App. Ct. 509, 633 N. E. 2d 424, 430 (1994) See also, *Falconer v. Penn Maritime, Inc.* 380 F. Supp. 2d 2 (D. Me. 2005)

The plaintiff's cause and origin expert, Ciesla, has offered an opinion that relies in part on the admittedly mistaken assumption that Rains opined that the toaster oven "turned on itself" because of a defective solenoid.

The plaintiff's engineering expert, Rains, has offered an opinion and fire scenario that by his own admission is inconsistent with the plaintiff's insured's uncontroverted testimony that she had never had any problems of any kind with the toaster oven's operation, including a specific denial that it had ever failed to shut off.

Furthermore, Rains has offered an opinion and fire scenario that is dependent upon an unknown person entering the Cresta house between 8:30 a.m. and 10 a.m., using the toaster oven, and leaving. Both Rains and Ciesla admit that there is no evidence that such an event ever occurred, other than Rains' testimony that it must have happened in order for his defect theory/fire

8

scenario to be possible. Rains admits that any opinion as to the presence of someone in the house is "speculation." In other terms, it is without foundation.

Speculative testimony will not satisfy a plaintiff's burden of establishing by a preponderance of the evidence that a design defect was the proximate cause of her injuries. *Fidalgo v. Columbus McKinnon Corp.*, 56 Mass. App. Ct. 176, 183 (2002). Furthermore, unsupported expert testimony does not create a genuine issue of material fact sufficient to defeat summary judgment. *Magarian v. Hawkins*, 321 F.3d 235, 240 (1st Cir.2003)

## CONCLUSION

The Defendant is entitled to Summary Judgment if, as a matter of law, there is no genuine issue of material fact and under those undisputed facts the plaintiff cannot establish a *prima facie* case.

As established by the Concise Statement of Facts, the opinions offered by the plaintiff's two liability experts to satisfy its burden of proof, in one instance is based upon speculation and is inconsistent with the undisputed testimony of the plaintiff's insured and in the other instance is based on an inaccurate understanding of the other expert's opinion.

The plaintiff has failed to disclose necessary expert opinions that are admissible or sufficient to satisfy its burden of proof and therefore the defendant is entitled to Summary Judgment.

Respectfully submitted,
Black & Decker (U.S.) Inc.,
By Its Attorneys,

/s/ Scott J. Tucker

Scott J. Tucker, BBO#503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696

10